Mr. Thank you, Your Honor, and may it please the court. My name is Abram Carls. I have the privilege of representing the debtor of this bankruptcy case this morning, Mr. Anthony Nicholas. He's on appeal from a case that was filed in the Northern District of Iowa and presenting the court primarily with a jurisdictional issue and an appeal that stresses the importance of how to approach jurisdictional issues because the core error, the legal error that is being reviewed is whether or not the bankruptcy court had jurisdiction to deny and disallow a proof of claim that the internal revenue of service filed in the debtor's bankruptcy case. In both lower courts, this being a bankruptcy case, the bankruptcy court first decides the court sitting in second level of review. Both lower courts decided that there wasn't jurisdiction and both lower courts utilized a procedural rule to make that determination. I want to stress the importance here because I didn't have the opportunity to stress it orally to the courts below that starting with the rules is the wrong place to start. The key question on this appeal is what is the jurisdictional significance of the internal revenue service filing a claim? And it's my client's position that is supported by no less than four Supreme Court cases that have been decided over the course of the last seven decades that when a creditor files a proof of claim, it submits to the court's jurisdiction at least with respect to that claim. And so when the court either pays or reduces or later denies that claim, whether on objection by the debtor or someone else or on its own, the bankruptcy court has the jurisdiction to take that action. And the order that it enters is not void and is not subject to later being vacated under Rule 60B4, which is what the bankruptcy court did here. And I think the case and really the point where the lower courts went wrong is the argument that the IRS presented, the United States, excuse me, that the IRS cannot sue or be sued. And when you read both of the lower courts' opinions, it's that piece, that quotation that gets them to shift away from the jurisdiction that they should be looking at. That generally applicable principle can stand by itself, but it's not material for this appeal. Go ahead. Does it affect this case that generally in bankruptcy, all kinds of claims are filed, even in a small case, and they're presumed okay? They're presumed granted? They don't look at anything? I mean, it's the ultimate routine processing. And that seems like an odd, you're putting a great significance on a minor act. Absolutely not, Your Honor. When a plaintiff files a complaint in a district court case, that plaintiff is submitting to jurisdiction. Counsel, counsel, you're dodging the question. The question is in bankruptcy, even in a small Chapter 7, almost no assets case, there may be, I don't know, any number, just trust me, any number of claims. Do you do bankruptcy practice? I do. I do, Your Honor. Then you know to, that I'm not way off the mark. And they're presumed, the law says, that they are presumed valid. Correct. Absolutely. Correct. And they're treated as valid. They're treated as more than valid. It's a process we used to call rubber stamping. Now they call electronic filing approval. So does that affect the analysis? It's such a routine matter. No, Your Honor, it doesn't. The jurisdictional significance is when you ask a court for relief, which is fundamentally what's happening when a creditor files a proof of claim. It doesn't matter if there's one creditor or a thousand creditors in a case. They are all going to the bankruptcy court and they're all individually, rather than filing the claims across the nation in district and state court, they're all coming to one forum and they're telling the court, I have a claim against the debtor in his estate. Pay me. Presumed valid, and you're aware of the change in the rule now that resolves this case, right? The change effective December 1 of 2017 that now resolves this issue? No, Your Honor, and I think the problem there is the issue. Because framing the issue as whether or not a procedural rule was met is not the issue. The issue is... Well, it would solve this case, right, because you'd have to serve the government. You think the new rule's invalid? I think that whether or not the United States receives service is not dispositive, is totally immaterial to the jurisdictional question. Remember that... Well, face the new... Now, I know you say it's a change. I thought your position was that the new rule amendment was a change. It is. It is. Well, do you think that the change works or not? I think that the change certainly allows what the United States seeks here, which is service on the Department of Justice. My point is that whether or not the Department of Justice is served is irrelevant to the personal jurisdiction question before the court. That tells me you're trying to say the new 3007 is invalid. I'm not saying it's invalid. I'm saying that... Well, you're on the line, I think. See if you can do it. Go ahead. I'm saying that the United States can receive notice under the new rule. I'm saying that under the old rule, which is the rule that governs here, they weren't entitled to that. You're saying that it's not a personal jurisdiction issue at all, is what you're saying. It never is. It's a matter of claims processing, et cetera. But that brings up an interesting point that I think Judge Benton's question may touch upon a little bit, which is the United States government's a pretty big entity. If you serve the wrong people, yeah, technically they got actual notice. But if really somebody else is litigating the claim, how on earth, other than a Rule 60B motion, do they challenge the fact that it was not served correctly under the rule? Because they may not know. The entity's huge. They may not get notice for 10 months from the IRS here that the U.S. attorney that this was misserved, at which point they're stuck with 60B. So I'm trying to figure out what their remedy is here. I think that goes to a due process question that was not raised in the lower court, first of all. We're dealing exclusively here with personal jurisdiction challenges. As far as how the government is internally organized, that's not a matter that the rules or this court should try to solve. That's something that the agencies need to do themselves to communicate, or we need to see an act of Congress that spells that out. But the problem is, is under the new rule, and this is, I think, a little bit of what Judge Benton's getting at, is, you know, let's say you've done the same thing under the new rule despite the clear language. You know, at that point, they got to have a remedy if it takes six months, eight months, 10 months to forward it on to the Department of Justice. My point is that had the same mistake been made under the new rule, it would not have impacted the bankruptcy court's jurisdiction, because the jurisdiction was established at the time the claim was filed. So what's the remedy then? The case becomes final, the Department of Justice never gets notice? The question becomes, was there a due process violation by not giving the correct notice? And the due process question was one that wasn't argued to the bankruptcy court. It was one that I sought discovery of to show the agencies had actual knowledge, and therefore, there was no due process violation. Oh, so here in the record, it shows that the U.S. Attorney and the Department of Justice had actual notice. It does not, because the bankruptcy court took the matter under advisement after a preliminary non-evidentiary telephonic hearing. And so there was no opportunity to go discover what actual knowledge this agency had. So we're dealing just with the legal jurisdictional question, which does... Counsel, why can't you just rely on the plain text of Rule 3007 as it existed at the time? That is the alternative argument that I would advance, Your Honor. The primary argument we're bringing is that the jurisdictionally significant act is claim filing. But if the court does not want to root its decision in that, and the Gardner decision, the Espinosa decision, then the court can proceed to the rules and say that the combination of Rule 3007 and 9014 read together demonstrate that the notice for an objection to a proof of claim must be mailed or otherwise delivered to the claimant. And the record that this court has on appeal shows that the notice and the objection to the claim was mailed to the Internal Revenue Service at the address that they specified to receive notices in their proof of claim. The analysis can stop there from a textual standpoint. The textual, the interpretive argument that the United States is making emphasizes commentary at the expense of the text of Rule 9014 A and B. Rule 9014 A says and still says, unless otherwise governed by these rules. And so the notice and the service that the United States wants this court to find in Rule 9014 and Rule 7004 doesn't exist under the old rules because the notice for claim objections is otherwise governed by the old Rule 3007 A. What do you do with the advisory comment? I mean, I think that you make a very, very strong plain language argument on the text of the rules, but then you have that advisory comment that seems to direct us elsewhere. And I think the piece that all of the courts that have looked at this issue have missed is the advisory comment is there to say bankruptcy courts do not have the authority to make a decision on the rules that you need to resolve these disputes. The standard discovery rules, the right to a hearing, subsection C, D, and E of Rule 9014, which by their text are not limited, can still apply. So the interpretation that the debtor is asking this court, if it gets to that step, to make is to say, by its text, 9014 subsections A and B defer to Rule 3007 A. But subsections C, D, and E continue to apply. They continue to apply meaning to all of the commentary on this rule. They show that objections to claims are still contested matters. You said a magic word. I hoped you wouldn't say it. They have an alternative argument, and they can find anything. I know they didn't raise this well before, but did they in effect file a contested matter? Instead of just a simple motion to set aside, did they turn it into a contested matter under Bankruptcy Code 505A? 505A. And it's in their briefs on pages 30 to 34. Remember, they have the alternative argument. You don't have to address it. But do you know what I'm referring to? They say it's in effect a contested matter. I know what you're referring to, Your Honor. You mentioned contested matters, so I've got to ask you that. And I think they're secondary. It wasn't raised below, right? Correct. It wasn't raised below. It's a legal issue, and the court has the discretion whether or not to decide it. But the problem is, what that argument says is, the bankruptcy court has the authority to decide whether or not it wants to decide the issue, or whether or not it wants to abstain and send the issue to tax court. And when we're talking about an order entered that is void, without jurisdiction, whether or not the bankruptcy court exercises that discretion doesn't even amount to a question of legal error, much less of an error so great that it impacts the court's jurisdiction to decide the tax claim and reject it. You're well into your rebuttal. And thank you, Your Honor, if I could reserve the balance of my time. Okay. Mr. Brannman? May it please the Court, Robert Brannman for the United States. I also will not be performing a dance routine this morning. I want to say that my friend is conflating some of the many legal concepts that come under the rubric of jurisdiction. There's no dispute that bankruptcy courts have the jurisdictional power to allow claims or disallow claims. The issue really here is personal jurisdiction. Was the United States notified of what was going on so that it could respond and defend its interests? I think he's saying something slightly different. I think he's saying that the United States did not need to be notified as a matter of personal jurisdiction because the United States, the Internal Revenue Service, voluntarily entered into it, into the action by filing a proof of claim. And it's an in rem action. And so it's the property that creates personal jurisdiction, not the notice. The rules require, I would argue that the rules require notice. The United States, of course, is not like any other creditor. It's huge. The people at the IRS who get these interests in this kind of thing, the government only gets 30 days to respond. And how long is it going to take for someone at the IRS to figure out, oh, I need to get this over to the U.S. Attorney's Office so that they can do something about this? Did you all create a little bit of a trap for the unwary, though? Because, I mean, I understand that the United States' position is you didn't follow the rule. You should have followed the rule. But we have a new rule that's more specific. And on at least one of the papers, I forget which paper it was, you listed the addresses at where things should be sent. And so opposing counsel used those addresses. And then you say, oh, I'm not going to respond because now we've got a hook, line, and sinker. We're going to be able to dismiss this action. Those were the addresses on your claim, correct? The claim has to have addresses. The claim has addresses. And it has the IRS addresses, right? Yes. Okay. So now answer the question. The debtors' counsel could not be faulted for becoming confused about, you know, where exactly do I look in the rules, some of which are in conflict with each other, some of which, you know, have helpful advisory notes, and some of which don't, about, you know, where should I send this objection? I wouldn't say that debtors' counsel should be penalized in any matter for getting confused about it. But still, the United States needs to know about it. I don't know what the confusion was. You told them where to send it, and that's where they sent it. I think the addresses on the proof of claim referred to some kinds of notices. But I would have to look at that exact language again. It might be misleading. Then I think maybe I'm wrong about this. I know they did an amendment or sent something. They sent a series of two papers to this address. The first time they just sent either the notice or the objection, but not both. And the second time, they realized they had left one out, and they sent both. Now, did the IRS complain about that, which is why that happened? Or did debtors' counsel just notice that and unsolicited send a second one? There's nothing in the record about the IRS noticing it. And I think the second mailing was just a day or two later. So I assume that my friend just figured out that he'd left something out. Because that would obviously even lead, if the IRS noticed and called him and said, hey, we need the other part of this thing, and then he sent it, that would obviously lead him further down the road to a trap for the unwary. Because he would think, oh, the IRS got it. Yes. It might have misled him. But the bar for a stopple against the government is pretty high. I see. Yeah, you're right. All we want in this case is to show up and handle the case on the merits. Well, that's all we might have wanted at the time. I'm going to bring up another issue that no one below, including myself, to this point has really paid much attention to. I'm not entirely sure that the order on appeal is a final appealable order. Counsel, the Supreme Court just issued a ruling on what are final appealable orders in bankruptcy. And they're taking the view that turning down a stay, no, turning down relief from the stay, there I said it right, is a final appealable order. They appear to be taking a very broad view of what is. So why didn't this qualify? Well, the Supreme Court's cases are, you don't have to wait until the end of a lengthy bankruptcy proceeding. There are numerous discrete disputes. The end of any one discrete dispute could be final. In general, we know that a denial of a 60B motion, that's a final order and that's appealable immediately. But a grant of a 60B motion vacating a prior order, if it plops the matter back before the trial court for further proceedings, that's not final. Well, denial of stay is the relevant analogy. How does it compare to the denial of relief from the stay that's done by all kinds of banks every day, all across the country, and the Supreme Court says those are appealable? This looks appealable comparably, doesn't it? Well, it's complicated. I'll get to it in a moment. But at a basic level in district court proceedings, a grant of a motion, 60B motion, putting the matter back before the trial court is akin to a grant of a new trial. It's not final. But we're in bankruptcy court. Please get to bankruptcy court. Bankruptcy court, for this kind of case, it's the same thing. If the government had come in right away, right after the order disallowing the claim, had come back in a few weeks and it would have been back before the bankruptcy court, and the bankruptcy court could have allowed or disallowed the claim as was appropriate. But 60B also requires a final judgment order or proceeding to even apply. Now, I understand that your point is that you are granted relief and the case goes on, but does it make any sense to treat that as a non-final order? But had relief been denied to the United States, it would have been a final order. Yeah, well, if the United States had been denied relief, that would have been the end of it. Right. So I'm just trying to figure that out. If it was granted, it could go back for a few weeks. So you're saying it was final, but then it became un-final once the IRS was granted relief? Yes. Okay. Yeah. So you think it's like a motion that grants relief from the state? Is it like... Well... No, you've got to... Counsel, the Supreme Court just spoke. We've got to handle that. Yeah, I saw that case. Don't dodge it now.  Yeah, okay, good. I don't think it changes the law from the... No, but which is it more like? Is it more like when the bank comes in and they say, you don't get relief from the state or you do get relief from the state? Which is this case like? It's not like a state issue. It's more like a... I don't think this... What the Supreme Court says in this case and the earlier case, the 2015 case, I think it's Bullard versus Blue Hills... Yes. ...says that you need to look at what is the relevant proceeding. What's the proceeding we're looking at? Okay. A stay is a denial of a stay is a proceeding. The plaintiff in that case or the appellant in that case thought that after they were denied relief from state, there was an entire marriage proceeding on whether the claim should be allowed. And he didn't appeal from the stay. And after the marriage proceeding, then he wanted to say, I can appeal from both of them at the end. Right. And the Supreme Court said the relevant proceeding is the stay. In the earlier case, the court said the relevant proceeding was a plan confirmation, whether the plan was confirmed. Correct. In this case, I'm saying the relevant proceeding to look at is the allowance or disallowance of the claim. So the order granting the vacate and voiding the judgment and returning the fact before the district court, without more facts that I'm going to add in a minute, would put the matter right before the bankruptcy court for further proceedings. Okay. In this case, though, other facts are going to show why there really wasn't anything more for the bankruptcy court to do and why all the action in this case is really outside of bankruptcy. By the time the government learned about this and filed its motion to vacate, the Chapter 7 trustee had already marshaled up all the money, awarded administrative fees for those expenses, and all the rest of the liquid cash, $37,000, had been awarded to the only other secured priority creditor. It's not in the appendix or the briefs, but I'll just read the title of the filing before we filed our motion. Chapter 7 trustee's final account and distribution report, certification that the estate has been fully administered, and application to be discharged. All the money was gone. The IRS didn't go into court to void this order so that it could share in distribution of the liquid funds. They were already gone. Harris went into this case because after the discharge was entered, the IRS figured it was okay to start collecting again. It's a non-dischargeable tax. They collected some money from Mr. Nicholas. They kept back an income tax refund. That's when debtors council alerted the government that he had this order. It meant not only that we weren't going to share in the claim, in the estate proceeds, we also couldn't collect it outside of bankruptcy. That's why we went back to the bankruptcy court to preserve the government's right to put this back before the bankruptcy court now. We're not going to get any money. Mr. Nicholas is not going to get any money. All the proceeds went to the Iowa Department of Revenue, in fact. Is that a mootness argument? It's a weird kind of mootness. I think maybe we could enliven it by going back to the bankruptcy court and asking Iowa Department of Revenue to discourage so we could get our fair share. That's unlikely. I don't see that happening. What Mr. Nicholas's real interest in the case is this issue is he wants this order saying that IRS can't collect outside of bankruptcy. That's why I made my final argument saying that what he was really looking for was not just to disallow the IRS's claim in bankruptcy, but a redetermination of this tax liability good outside of bankruptcy and a requirement that the IRS withdraw its tax lien. Those are reasons why there's really more going on here than whatever the in-rem aspects of bankruptcy are. There's a lot of dispute that's outside bankruptcy. There's no rem anymore is what you're saying. There's no rem anymore, exactly. Fortunately for Mr. Nicholas... The question is whether you got to the rem in time. Well, I don't think we did. We didn't get to the rem in time to collect any of the liquid proceeds, but we still want to collect it outside of bankruptcy. It's a non-dischargeable tax. We should be able to. Fortunately for Mr. Nicholas, he has a perfectly adequate remedy outside of bankruptcy court. For this kind of tax, he can pay a portion, file an administrative claim for refund, explain to the IRS why he really doesn't owe the tax like he wanted to dispute at the outset. If the IRS denies the claim, he can file a complaint in the United States and the attorney in the Department of Justice and litigate this matter in district court. If there are no further questions, that's all I have. Thank you, counsel. Mr. Childs has rebuttal. Thank you, Your Honor. I'm sorry, I said the wrong name. My book slid. Mr. Carl. I want to point out that the Espinosa opinion, with respect to this finality issue and the recent opinion we got earlier this week even, the Espinosa opinion was an appeal of an order that was vacated in bankruptcy under Rule 60B4. Exact procedural posture as to what's going on here. And in that opinion, the justices went through great lengths to tell courts, this is a rare occurrence where we don't have jurisdiction and we don't, and the exercise of jurisdiction in the order is a violation of due process. And that is exactly the scenario that we're dealing with here. Inside of bankruptcy, an order is entered and we certainly believe that, particularly on the personal jurisdiction issue the IRS asserted, the bankruptcy court had it. I also want to clarify something in the record. The court was asking questions about, was the second notice that was sent out to the IRS solicited or unsolicited? It doesn't appear in the appendix, but it was unsolicited. I learned after the initial notice went out that a copy of the objection wasn't included in the mailing to the IRS, and I wasn't going to submit a proposed order to the bankruptcy court without first knowing that the notice and the objection had been sent. So that's what precipitated the second notice. And unless there are other questions, I have nothing further. Thank you, counsel, for the argument. Case number 19-1155 is submitted for decision by the court.